LACKEY, Respondent, *vs.* SCHREIBER, Appellant.

1. Loose memorandums made by a book-keeper, not in the course of his employment, are not admissible in evidence against his principal.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action brought by the respondent, for services rendered as agent in collecting rents. The appellant, in his answer, denied the correctness of the account sued upon, and filed an off-set. At the trial, the respondent offered in evidence two loose memorandums, without signature, marked A. and C., proved to be in the handwriting of Gross, the book-keeper of the appellant, and purporting to show the amount of rents collected by the respondent, and the commissions on the same due him. These papers were admitted in evidence, without further proof touching them, to which the appellant excepted. The appellant afterwards called Gross as a witness, who testified that he drew off the papers from respondent's own books, the latter calling off the items, and that they were not intended as a true statement of the accounts between the parties. The cause was tried by the court, sitting as a jury, and

there was a verdict for the respondent, from which this appeal is taken.

*C. Harding*, for appellant. The court below erred in admitting papers marked A. and C. in evidence. 1. They were not intended as a true statement of the accounts between the parties. 2. They were not shown to be made by Gross while in the discharge of a duty within the scope of his employment as book-keeper. Story's Ag. §134, *et seq.* 1 Greenl. Ev. §113. 3. They are on their face unintelligible, and are evidently mere random calculations.

*Henry N. Hart*, for respondent. The papers A. and C., having been proved to be in the handwriting of the agent and book-keeper of the appellant, were properly admitted. There is sufficient evidence without them to sustain the judgment.

GAMBLE, Judge, delivered the opinion of the court.

1. The papers, to the admission of which the defendant objected, and which are mentioned in the statement as marked A. and C., were admitted as evidence for the plaintiff, on the mere proof that they were in the handwriting of one Gross, a clerk of the defendant, who was present at the trial, and was subsequently examined as a witness. These papers are not, nor is either of them, in the form of an account kept by Schreiber, the defendant, against Lackey. That marked A. purports by its caption to be an account against Schreiber, and ends with loose, unintelligible figures and calculations, which show it to be no regular account between any parties. The paper marked C. is still farther from the form of an account. It is but a memorandum, signed by no person, and certainly not purporting to be taken from any book. These papers could only have been admitted, because they were proved to be in the handwriting and figures of Schreiber's book-keeper, but such papers should not have been admitted upon that proof, because they were not papers which, as the book-keeper of

Schreiber, he would have made in the course of his employment. The judgment is reversed and the cause remanded for further proceedings, the other Judges concurring.